**UNITED STATES DISTRICT COURT
DISTRICT OF MINESOTA
THIRD DIVISION**

| | |
|---|---|
| EMA, Inc.<br>(a Minnesota corporation),<br><br>              Plaintiff,<br><br>v.<br><br>U.S. Filter Operating Services, Inc.,<br>d/b/a Veolia Water North America, Inc.<br>(a Delaware corporation),<br><br>              Defendant. | Civil No. 05-CV-71 PAM/JSM<br><br>**ORDER TO AMEND PRETRIAL SCHEDULING ORDER** |

Based upon the Stipulation of the parties filed as Document No. 15, and for good cause shown, the Pretrial Scheduling Order in this case is hereby amended as follows:

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before May 15, 2005. The period during which the parties may conduct discovery shall terminate on February 1, 2006. Disputes with regard to pre-discovery disclosures OR DISCOVERY SHALL BE CALLED IMMEDIATELY TO THE Court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule;

2. All motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed on or before November 15, 2005;

3. All other non-dispositive motions, specifically those which relate to discovery and the discovery period, shall be filed and served prior to February 1, 2006. All non-dispositive motions shall be scheduled for hearing by calling Katie Haagenson, Scheduling Clerk for Magistrate Judge Mayeron. All non-dispositive motions shall be

scheduled, filed, and served in compliance with Local Rule 7.1(a). A total of fifteen minutes will be allotted to each party who appears to present argument on the motion. The moving party may reserve up to five of the fifteen minutes for rebuttal. No discovery motion shall be heard unless the moving party files with the motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2;

4. No more than 25 interrogatories (counted in accordance with Fed. R. Civ. Pro. 33) shall be served by any party;

5. No more than 7 depositions (excluding expert depositions) shall be taken by any party without prior order of the court;

6. That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Fed.R.Civ.P. 26(a)(2)(B), the report shall contain:

   a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

   b. The compensation to be paid for the study and testimony;

   c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

   d. A complete statement of all opinions to be expressed and the basis and reasons therefore;

   e. The data or other information considered by the witness in forming the opinions; and

      f.   Any exhibits to be used as a summary of or support for the opinions.

The parties shall disclose the identity and subject matter of expert testimony by September 1, 2005.
The parties shall disclose expert reports (Rule 26(a)(2)(B) by November 30, 2005.
The parties shall disclose rebuttal reports by January 3, 2006.

    7.   The parties do not contemplate taking expert depositions.

    8.   Each party shall fully supplement all discovery responses every 90 days, as such information becomes known.  Any evidence responsive to a discovery request which has not been disclosed before the trial date, except for good cause shown, shall be excluded from evidence at trial;

    9.   All dispositive motions shall be served, filed and fully briefed prior to April 3, 2006.  All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b).  Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive motion on the calendar;

    10. This case shall be ready for trial on June 1, 2006, at which time the case will be placed on the Court's June trial calendar.

DATED: October __13__, 2005 _____s/Paul A. Magnuson_____
                                               **Paul A. Magnuson**
                                               **United States District Court Judge**